UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HENRY J. NERO AND GAIL NERO, | ) | CASE NO. 08-60755 |
| | ) | |
| Debtors. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

This matter is before the court on Debtors' Application to Proceed *In Forma Pauperis* (hereafter "application") filed on March 17, 2008.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and is premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

The court will first determine whether Debtors' income is 150 percent of the poverty level. According to the Department of Health and Human Services 2008 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/08poverty.shtml, the poverty income for a family of two is $14,000.00. At 150 percent of poverty, the poverty income for this family is $21,000.00 annually, or $1,750.00 per month.

According to the application, Debtors' sole monthly income is $200.00 in food stamps. Statements filed with the petition indicate that Debtors have earned no wages from the period January 1, 2008 to present and that debtors were not employed during 2007 so no federal income tax returns were required to be filed. Schedule I states that debtors are unemployed. Question one on the Statement of Financial Affairs does not list any income for this year or the two years preceding this filing. Based upon the information provided by Debtors, the court finds that Debtors' income is less than 150% of the poverty income and therefore they have established the first prong of the test.

Next, the court must determine if Debtors have the ability to pay the filing fee in installments. Upon review of Debtors' Schedule J, the court concludes that Debtors are not able to pay the filing fee in installments. Debtors' budget shows a monthly shortfall

of $379.00. Debtors expenses are minimal and not unreasonable. There is no room in the budget to make up the shortfall, let alone add an installment payment. Thus, the court finds that Debtors do not have the ability to pay the filing fee in installments and have satisfied the second prong of the test.

In light of the above, the Court hereby **GRANTS** Debtors' application to waive the filing fee.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Anthony J. DeGirolamo, Trustee
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702

Apiyo Farayi Oloya
Community Legal Aid Services, Inc.
306 Market Ave N, Ste 730
Canton, OH 44702-1407

Henry J. Nero
Gail Nero
214 Belden Ave. N.E.
Canton, Oh 44704